Good morning everyone and welcome to the Ninth Circuit. Judge Fernandez and I are happy to welcome Judge William Sessions from the District of Vermont. Thank you for joining us. We'll call the cases in the order on the day sheet. The first two cases are submitted on the briefs and the records. That's United States v. Robert LaFountain and the second is United States v. Deborah Durand. And the first case for argument is Tony Green v. Calvin Johnson. Good morning, Your Honors, and may it please the Court. My name is Elizabeth Daly. I'm here on behalf of the appellant, Tony Green, and with the Court's permission, I'll reserve two minutes for rebuttal. Please watch the clock. Thank you. This case asks the Court to decide what type of sentencing errors are cognizable under the Savings Clause of 2255e. The starting point for that question, the text of the statute itself, makes Saving Clause relief available whenever 2255 is inadequate or ineffective to test the legality of the prisoner's detention. We're asking this Court to follow three other circuits and conclude that a narrow subset of egregious sentencing errors can be brought under the Savings Clause. Mr. Green's challenge to his mandatory career offender enhancement under the guidelines as they existed pre-Booker meets the tests articulated in all three of those circuits. Specifically, after the time for filing his direct appeal in verse 2255, there was a fully retroactive and substantive change in the law that revealed that one of his prior convictions cannot qualify him for the change in the law, and that those arguments would have been free for him to raise at the time. So even assuming that you could be actually innocent of a sentencing enhancement, he had an unobstructed procedural shot at presenting his claims. Why is that incorrect? There's two reasons that's incorrect. The first reason it's incorrect is that they're drawing on the standard adopted in two other circuits that the majority of circuits have rejected, including this circuit, and that's the MacArthur v. Goodwill Industries and the Post v. Anderson procedural availability test. And under that test for whether somebody has an unobstructed procedural shot, so long as there's a procedure available to bring the claim, even if it's precluded by circuit authority at the time, then 2255 is an adequate remedy. Well, was it the case that was overruled by Dekamp AMO was really new law in the Ninth Circuit? That wasn't the existing law at the time that Mr. Green was able to bring his claim? The law from the time of Taylor up until the time of Dekamp didn't say that the analysis had to look solely to the statutory elements. There was always some ability to look behind the statutory elements to the conduct that the person actually committed. And in what case are you relying on for looking at conduct? Because Dekamp and Mathis are so clear, this has always been the rule. This has always been the rule. You can't look at the facts. And I think our cases state that as well. And then our en banc decision, AMO, did change that law to say that under certain circumstances for a modified categorical, you could review the factual conduct. Your Honor, I'll be honest that I'm not sure that I have a specific answer to what the precise categorical approach required at the time of Mr. Green's conviction. And if the court needs to know the difference, if it's potentially relevant here, I'm happy to submit further briefing on that. But what the Supreme Court said in Dekamp I think is controlling, where they look at Ninth Circuit law and say this analysis can turn any offense into a modified one. Right. But they were overruling a specific case. I mean, they took a unpublished case that relied on our en banc AMO. But they were looking at the analysis of AMO and very specifically and pointedly said this is not and has never been the law. And in fact, I think that's correct analysis of the Ninth Circuit. And you're not indicating otherwise. So up until the time that AMO was decided, I'm calling it AMO because I can't remember all the three names. Thank you. Up until the time that case was decided, we followed the Supreme Court president, at least that's my understanding. And I didn't see in your brief citing any case to the contrary. No, there's no case in our brief distinguishing between the law at the time of Mr. Green's sentencing and the law as it existed pre-Dekamp because the government's never raised that distinction. And I'd be happy to address it in further briefing to the extent that it's relevant. I'm not prepared to address that right now because it's not a distinction that the government has claimed. But that's a key, isn't it, right? That he had to not have an unobstructed procedural shot to raise this argument. I believe that the law at the time that Mr. Green was sentenced permitted courts to go behind the statute itself and look at what was actually what the defendant admitted, for example, in a plea agreement. I think there will be cases that say the defendant's admissions, even if they don't track the statutory elements, could be considered post-Dekamp. That's not permitted. Okay, but you don't have a case, and I don't have any recollection of a case. I mean, we always said you have to look at the Shepard documents and see what his plea colloquy said or whatever when you get to modified categorical. Sure, and I think the distinction that I'm raising is that when you were looking at the Shepard documents pre-Dekamp, you were looking at them for what was admitted as far as what occurred, and not as to what it revealed about which subsection of the statute was violated. Because, as I understand it, at the time Mr. Green was sentenced, a person could be convicted based on an admission, for example, I delivered controlled substances, even if the statute was overbroad and indivisible. Dekamp created a new rule about divisibility that had never existed before. Now, when I say new rule, that's not what Justice Kagan said, so I don't know. That would apply for a Teague versus Lane analysis. Alamalo tells us what the test is, and Alamalo says that for purposes of the unobstructed procedural shot, it doesn't have to be a change in law for Teague purposes, but a change in circuit precedent, and that's what we had here, that post-Dekamp, the circuit can only look at what subsection or the overall statute if it's indivisible. That was never the test before, because Shepard documents were used to consider what the person did, and then that was deemed to be the offense of conviction. And I would, at this point, request that I be permitted to brief that further, because it seems that it might be an issue for the court's decision in this case. Well, we will let both parties know if we want supplemental briefing on that. I'd like to address the purely legal error versus factual innocence distinction, because I think that's critical here, and I think there's confusion about what it means. The takeaway that I have from the case that the government so strongly relies on, Morero versus Ives, is that there has to be something more than a purely legal error. And this is what the government has used to say, well, sentencing innocence is purely legal because there's no factual error, and that's not the case. The Supreme Court has told us that there's no analytical problem with saying that you're factually innocent of a sentence as opposed to a conviction itself, and that was in Sawyer versus Whitley. And then the other point I want to make about that is that you can have a factual innocence claim even though there's no change that happens outside of the law books. And that, I think, is a sort of counterintuitive approach, but that's what we know from Al-Amalo and from Boosley. The changes in the law that occurred after Boosley and Al-Amalo encompassed only a change in what the law books say the offense is. There was no change, there was no new DNA evidence, no recantation of eyewitness testimony, because, of course, those types of facts could fall into 2255H2. But you have a change in the relevant legal parameters, and when that change occurred, the person became factually innocent, even though there was no change in their actual conduct. That's the same that we have here, where the scope of a controlled substance offense has been changed for its legal parameters, the prior conviction no longer qualifies. And Geosis tells us that's a matter of factual finding, a person who no longer has that factual predicate for career offender sentencing. I see that I'm into my rebuttal time, and I'd prefer to save that time. Of course. Thank you. May it please the court, Amy Potter on behalf of the United States. Mr. Green is not factually innocent of dealing crack cocaine, and that is the test that this court adopted in Marrero. In Marrero, they were very clear. Being factually innocent has nothing to do with factual innocence. Accordingly, it is not a cognizable claim of actual innocence for a 2241 petition. Didn't we leave open, though, in Marrero, the question when we said we're not going to address the question whether you could be actually innocent of a sentencing enhancement? The specific exceptions in Marrero were whether the defendant was factually  ineligible for the death penalty. And the Supreme Court, noting that a death sentence is very different, found that a defendant could raise, under a 2241, a factual innocence or an actual innocence claim that he was ineligible for the death penalty.   And in Marrero, the defendant is statutorily eligible for the sentence he received. He did not receive a sentence over the statutory max, regardless of whether he was a career offender or not. In that case, he is not actually innocent of being a career offender, for purposes of the Marrero test for 2241. So I'm not sure which argument you're making, but I know they make the argument the other opposing counsel makes the argument that the State sentencing guidelines at that time were mandatory, and so he, in fact, was not eligible for the maximum, the statutory maximum, for the predicate offense. And, Your Honor, I would disagree with that.  In fact, Mr. Green attempted to get a lower sentence based on one of the exceptions by arguing that he was overrepresented. And this Court has never held that the mandatory guidelines somehow changed the statutory maximum sentence available to a defendant. At the time, I believe Mr. Green argued that he was not as serious as a criminal as the district court found him to be. That was challenged and rejected in his first appeal. So, I'm sorry, I lost my train of thought. Your Honor, in terms of the statutory maximum, the statutory maximum is what the statute set, and Mr. Green's sentence does not exceed that statutory maximum. So we would find that, or we would argue that the 2241 remedy is not available to him as is found by the Tenth and Eleventh Circuits and this Court in Marrero by saying a career offender cannot challenge his sentence by being, by claiming he's actually innocent under 2241. Your Honor, just to turn to the issue of whether his remedy is ineffective or unavailable, to qualify for the escape clause, you must make a claim that you Mr. Green could challenge his sentence and his predicate convictions and his career offender findings from the very beginning. He chose not to in his initial appeal or in his first 2255. He did so for the first time in a 2241, and as Prost and McCarthan both found, that is not meaning that his 2255 was inadequate or unavailable. That's a procedural issue, and he cannot claim and fall within the escape clause of 2241 based on his failure to raise it and the fact that, as of today, he would not be entitled to a 2255 second or successive petition to challenge his sentence. So opposing counsel says that Acamp and Mathis changed the law, and so he didn't have an opportunity to raise this issue before those cases were decided. Your Honor, I would respectfully disagree with that. Discamps and Mathis set out, as the Supreme Court explained, what's always been the law. This is how sentences and prior convictions should be determined, and Mr. Green was free to challenge that from the very beginning. I believe it was the Eleventh Circuit that explained instead of having the Discamps case, we could have the Green case if he had chosen to fight this career offender from the beginning. And that is why his 2255 remedy was not inadequate or ineffective. He simply chose not to make this argument, and he can't now claim and circumvent all the limits Congress placed on 2255 by claiming that he's actually innocent of being a career offender. If the Court has no further questions, I'll submit. Thank you. You have some rebuttal time. This Court has previously recognized that Decamp did change Ninth Circuit law. There has been multiple cases post-Decamp where pre-Decamp precedent was overturned saying the analysis there was clearly irreconcilable with what Decamp has told us to do. The government's position on the unobstructed procedural shot doesn't follow what this Court has said is the test. It's not merely is 2255 unavailable now. That's in fact a prerequisite to an unobstructed procedural shot, and we've established that. 2255 is unavailable now. And under this Court's precedent, you have to show something else, which is that there's been a change in Circuit precedent since the first 2255 timing has passed. That's what occurred in Stevens v. Herrera. That's what occurred in Harrison v. Oleson. I'm sorry, not Harrison v. Oleson. In Ivey v. Pontesso, and that's what occurred in this case with Decamp. The law changed because the categorical approach was not known to be applicable to indivisible statutes before Decamp. The plus element, I think, is what the government's missing. It's a 2255 is unavailable plus, plus the timing issue. Alamalo says we're not looking for a sea change in the law. It's not that broad. I'll just finish this point with the Court's permission. Please wrap it up, yes. In Alamalo, they said we're not requiring people to raise every conceivable claim, just that it was foreclosed by Circuit precedent. Thank you. Thank you. We thank both parties for their argument. And the case B of Green v. Johnson is submitted.
judges: Fernandez, Ikuta, Sessions